**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARILYN G. COREAS, as administrator of the Estate of Nery Olvaldo Romero, a/k/a Nery Oswald Romero, <br><br> Plaintiff, <br><br> v. <br> SHERIFF LEO P. MCGUIRE, <br><br> Defendant. | **Civil Action No. 09-5675 (SRC)** <br><br> **OPINION** |

**CHESLER**, District Judge

This matter comes before the Court on the motion by Defendant Sheriff Leo P. McGuire ("Defendant") for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) or in the alternative for summary judgment pursuant to Federal Rule of Civil Procedure 56 [docket entry 14]. The motion is unopposed. Plaintiff did not oppose the motion by the deadline originally set pursuant to Local Civil Rule 7.1(d), and then, despite the Court's adjournment of the motion to May 3, 2010 with clear notice to Plaintiff, by letter dated March 26, 2010 [docket entry 15], that the Court would proceed to adjudicate the motion after that date, still failed to file opposition by the extended deadline. The Court opts to rule on the instant motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. It has considered the papers filed by Defendant in support of his motion, and for the reasons discussed below, grants summary judgment in favor of Defendant.

**I.      BACKGROUND**

The case before the Court arises out of the February 12, 2007 suicide of Plaintiff's decedent, Nery Olvaldo Romero, at the Bergen County Correctional Facility while in custody pending deportation proceedings. The Complaint alleges that his death was caused by the negligence of Defendant, the Sheriff of Bergen County, in providing Romero medical care and treatment. The Complaint asserts two causes of action: common law negligence and wrongful death.

Plaintiff, who is the administrator of the decedent's estate, filed the instant case in the United States District Court for the Eastern District of New York on February 11, 2009. It was transferred to this Court on or about November 6, 2009 pursuant to 28 U.S.C. § 1406(a). The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a).

**II.     DISCUSSION**

   **A.     Legal Standard**

Defendant challenges the sufficiency of the pleadings under Rule 12(c), and in the alternative, argues that Plaintiff cannot prevail on the claims as a matter of law, entitling Defendant to summary judgment under Rule 56. Rule 12(c) permits a party to move for judgment on the pleadings "after the pleadings are closed – but early enough not to delay trial." Fed.R.Civ.P. 12(c). Though procedurally it applies later in a case than a Rule 12(b) motion, which may be filed in lieu of a responsive pleading, a motion brought under 12(c) for failure to state a claim upon which relief may be granted is governed by the same standard applicable to Rule 12(b)(6) motions. Turbe v. Gov't of the V.I., 938 F.2d 427, 428 (3d Cir. 1991). Thus, in

adjudicating a motion brought under Rule 12(c), the Court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents.  See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).  Because the instant motion relies on matters outside the pleadings, the Court will treat it as one for summary judgment.

The standard upon which a court must evaluate a summary judgment motion is well-established.  Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Kreschollek v. S. Stevedoring Co., 223 F.3d 202, 204 (3d Cir. 2000).  In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party.  See Boyle v. County of Allegheny Pennsylvania, 139 F.3d 386, 393 (3d Cir. 1998).  The moving party bears the burden of establishing that no genuine issue of material fact remains.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

Once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts."  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see also Anderson, 477 U.S. at 247-48.  The Supreme Court has held that and Rule 56(e) "requires the nonmoving party to go

beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)); Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993) ("to raise a genuine issue of material fact . . . the [non-moving party] need not match, item for item, each piece of evidence proffered by the movant," but "must exceed the 'mere scintilla' threshold").

### B. New Jersey Tort Claims Act

Defendant maintains that Plaintiff's entire Complaint, asserting two common law tort claims, is barred under the New Jersey Tort Claims Act ("TCA"), N.J.S.A. 59:1-1, et seq., for failure to meet the statute's notice of claim requirement. The TCA imposes certain limitations on the tort liability of a New Jersey public entity and of a New Jersey public employee. See N.J.S.A. 59:1-2; N.J.S.A. 59:2-1; N.J.S.A. 59:3-1. Of relevance to this action, the TCA precludes actions against a public entity or its employees when the plaintiff has failed to comply with its notice of claim provision. N.J.S.A. 59:8-3; N.J.S.A. 59:8-8. That provision states:

> A claim relating to a cause of action for death or for injury or damage to person or to property shall be presented as provided in this chapter not later than the ninetieth day after accrual of the cause of action. After the expiration of six months from the date notice of claim is received, the claimant may file suit in an appropriate court of law. **The claimant shall be forever barred from recovering against a public entity or public employee if**:
>
> a. **He failed to file his claim with the public entity within 90 days of accrual of his claim except as otherwise provided in section 59:8-9**; or
>
> b. Two years have elapsed since the accrual of the claim; or

> c. The claimant or his authorized representative entered into a settlement agreement with respect to the claim.

N.J.S.A. 59:8-8 (emphasis added).

The Court holds that the claims against Defendant - the Sheriff of Bergen County, New Jersey - are barred pursuant to the above-quoted provision of the Tort Claims Act. "A suit will be dismissed if the claimant did not provide a notice of claim to the entity within ninety days of the 'accrual of a cause of action.'" Davis v. Twp. of Paulsboro, 371 F.Supp.2d 611, 618 (D.N.J. 2005). The claims against Defendant accrued on February 12, 2007, the day Romero committed suicide. Id. (citing Beauchamp v. Amedio, 164 N.J. 111, 117 (2000) (holding, in case governed by the TCA, that cause of action generally accrues on date when wrongful conduct results in injury); see also Iaconianni v. N.J. Turnpike Auth., 236 N.J.Super. 294, 298 (App. Div.1989) (holding that wrongful death cause of action accrues on date of death). According to the time provided by the TCA, the notice of claim should have been served on Defendant on or before May 13, 2007. Yet, to date, Plaintiff has failed to do so. "Failure to provide notice within the statutory ninety day window is a ground for dismissal with prejudice." Davis, 371 F.Supp.2d at 618. Moreover, in a case such as the one at bar, in which over three years have passed since the accrual of the claim, the Court lacks discretion under the TCA to permit Plaintiff to cure this defect and file a late notice of claim. See N.J.S.A. 59:8-9 (providing that a claimant may be permitted in court's discretion to file a notice of claim within one year of the accrual of the claim); Iaconianni, 236 N.J. Super. at 298 (holding court lacks jurisdiction to extend filing period when late notice of claim filed beyond one-year limit provided by statute).

Plaintiff has not complied with the TCA's prerequisite to filing the instant action against Defendant. Her failure to file the notice of claim bars her from proceeding with this suit, and renders her negligence and wrongful death claims meritless as a matter of law.

### III.  CONCLUSION

For the foregoing reasons, the Court holds that Defendant is entitled to summary judgment in his favor. An appropriate form of Order will be filed.

                                                  s/Stanley R. Chesler
                                                  STANLEY R. CHESLER
                                                  United States District Judge

Dated: May 7, 2010